Per Curiam.

In this discovery proceeding the question presented is whether the decedent, William Kassebohm, intended to make an inter vivos gift of the proceeds of a savings bank account in the amount of $8,000 to appellant, Alfred J: Jennings, when he delivered to Jennings the bank passbook representing the account. The Surrogate held that the decedent did intend to make a gift of the proceeds, and dismissed the administratrix’ petition. The Appellate Division has reversed and has authorized the entry of a decree directing delivery of the sum of $8,000, with interest, to the administratrix.
*155 The order* of the Appellate Division does not state whether the reversal was upon the law, or upon the facts, or upon both the law and the facts. Consequently, we are bound to presume that the reversal was upon the law alone and ‘ ‘ that the questions of fact were not considered by the appellate division ” (Civ. Prac. Act, § 602). The reversal on the law cannot stand if there is some evidence to support the conclusion of the Surrogate that decedent intended to make an inter vivos gift of the account (see Cohen and Karger, Powers of the New York Court of Appeals, p. 449 et seq.). We find that the record does contain evidence that the decedent delivered the passbook to appellant with a donative intent and that, on this record, the question of donative intent is one of fact. Accordingly, the order of the Appellate Division must be reversed and the case remitted to the Appellate Division for a determination of the question of fact presented to that court (Civ. Prac. Act, §§ 602, 606).
Conway, Ch. J., Desmond, Dye, Fuld, Froessel, Van Voorhis and Burke, JJ., concur.
Order of Appellate Division reversed and case remitted to that court for determination of the questions of fact, without costs to either party. (Civ. Prac. Act, §§ 602, 606.)